*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellant

**v.**

**Dustin M. CLARK, Airman**
United States Navy, Appellee

**No. 16-0068**
Crim. App. No. 201400232

Argued March 15, 2016—Decided May 17, 2016

Military Judge: Robert P. Monahan Jr.

For Appellant: *Lieutenant James M. Belforti,* JAGC, USN (argued); *Colonel Mark K. Jamison,* USMC, *Lieutenant Robert J. Miller*, JAGC, USN, and *Lieutenant Jetti L. Gibson*, JAGC, USN (on brief).

For Appellee: *Major M. Brian Magee*, USMC (argued); *David P. Sheldon,* Esq. (on brief).

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, Judges RYAN and OHLSON, and Chief Judge WHITNEY, joined.

————————

Judge STUCKY delivered the opinion of the Court.[1]

In this case, at Appellee's request, the military judge made special findings in returning his guilty verdict. On review, the United States Navy-Marine Corps Court of Criminal Appeals (CCA) found Appellee's convictions factually insufficient, set aside the findings and sentence, and dismissed the charges and specifications with prejudice. The Judge Advocate General of the Navy (JAG) certified the case for review of two issues: (1) whether the CCA failed to conduct a complete review under Article 66(c), Uniform Code of Mili-

---

[1] Chief Judge Frank D. Whitney, of the United States District Court for the Western District of North Carolina, sat by designation, pursuant to Article 142(f), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(f) (2012).

tary Justice (UCMJ) 10 U.S.C. § 866(c) (2012), when it failed to acknowledge the military judge's special findings; and (2) what is the appropriate standard by which a CCA should review a military judge's special findings. We answer the first question in the negative, decline to answer the second, and affirm the judgment of the CCA.

## I. Procedural History

A military judge sitting as a general court-martial convicted Appellee, contrary to his pleas, of rape and forcible sodomy. Articles 120 and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925 (2012). The convening authority approved the adjudged sentence: a dishonorable discharge, confinement for seven years, and reduction to the lowest enlisted grade. The CCA set aside the findings and sentence on factual sufficiency grounds and dismissed the charges and specifications with prejudice. *United States v. Clark*, No. 201400232, 2015 CCA LEXIS 287, 2015 WL 4239924 (N-M. Ct. Crim. App. July 14, 2015). In a motion for reconsideration en banc, the Government alleged, first that the panel that decided the case "failed to analyze, give deference, or even address the extensive special findings" made by the military judge; and, second, failed to address a lesser-included offense. The CCA denied the Government's motion for reconsideration en banc without explanation. The Judge Advocate General of the Navy then ordered the case sent to this Court for review pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2012).

## II. Discussion

Appellee asked the military judge to make special findings of fact in addition to a general finding as to his guilt. "The military judge of [a judge alone] court-martial shall make a general finding and shall in addition on request find the facts specially." Article 51(d), UCMJ, 10 U.S.C. § 851(d) (2012). This provision was enacted as part of the Military Justice Act of 1968. Pub. L. No. 90-632, § 2(21)(D) (1968). "Article 51(d) is patterned after Fed. R. Crim. P. 23(c)." *Manual for Courts-Martial, United States*, Analysis of the Rules for Courts-Martial app. 21 at A21-68 (2012 ed.); *United States v. Gerard*, 11 M.J. 440, 441 (C.M.A. 1981).

In enacting the Uniform Code of Military Justice in 1950, Congress saw fit to grant significant powers to the Boards of Review (now the Courts of Criminal Appeals) that it withheld from this Court. The Courts of Criminal Appeals are empowered, and indeed required, to determine that the findings and sentence are correct in fact as well as law:

> [The CCA] may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, *it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.*

Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2012) (emphasis added).

By contrast, this Court is statutorily limited to consideration of questions of law in its review of decisions of the Courts of Criminal Appeals:

> In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect *in law* by the Court of Criminal Appeals…. *The Court of Appeals for the Armed Forces shall take action only with respect to matters of law.*

Article 67(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(c) (2012) (emphasis added).

In our first published opinion, we recognized that Congress had limited us to correction of errors of law and that our writ did not extend to questions of fact. *United States v. McCrary*, 1 C.M.A. 1, 3, 1 C.M.R. 1, 3 (1951). The early decisions of this court established the principle that the factual determination powers of the Boards of Review, as they were then named, were beyond our review, absent arbitrary or capricious action. *See, e.g.*, *United States v. Hendon*, 7 C.M.A. 429, 432, 22 C.M.R. 219, 222 (1956).

The tonic chord running through our cases is a clear recognition of the unique powers lodged by Congress in the Courts of Criminal Appeals, coupled with a strong disinclination to involve ourselves in the review of the exercise of

that power. This does not mean that the statutory powers of the CCAs are wholly insulated from judicial review. Issues of legal, as opposed to factual, sufficiency have always been within the remit of this court; we have likewise kept to ourselves the prerogative of determining on which side of the legal/mixed/factual divide an issue properly falls. The labeling of the issue by the CCA has been understood from the beginning not to be dispositive. *See United States v. Bunting*, 6 C.M.A. 170, 174, 19 C.M.R. 296, 299 (1955); *see also United States v. Johnson*, 23 M.J. 209, 211 (C.M.A. 1987) (finding that lower court had mislabeled an issue as a matter of fact, when it was one of law). Finally, we have held that we retain the authority to review factual sufficiency determinations of the CCAs for the application of "correct legal principles," but only as to matters of law.[2] *United States v. Leak*, 61 M.J. 234, 241 (C.A.A.F. 2005).

The two issues certified by the JAG are intertwined: what special standard, if any, should the CCA apply to a military judge's special findings when performing its statutory duties under Article 66(c)? The Government argues that we have never articulated a standard as to how the CCAs should treat the statutory admonition in Article 66(c) to "recognize[ ] that the trial court saw and heard the witnesses," and urges us to do so by adopting the "clearly erroneous" standard employed by some of the Article III courts and, according to the Government, the Army and Air Force CCAs. On these facts, we decline to do so. The special findings of the military judge in this case go virtually entirely to the credibility of witnesses and the weight of the evidence—issues that lie at the core of the function of the trier of fact *and* the Article 66 factual sufficiency powers of the CCAs.

Appellate military judges are presumed to know the law and apply it correctly. *United States v. Schweitzer*, 68 M.J. 133, 139 (C.A.A.F. 2009) (citing *United States v. Mason*, 45

---

[2] The controverted case of *United States v. Nerad,* 69 M.J. 138 (C.A.A.F. 2010), is not to the contrary. While there was significant disagreement among the three opinions of this Court in that case, it was clear that the CCA had held the evidence both legally and factually sufficient. *Id*. at 140.

M.J. 483, 484 (C.A.A.F. 1997)). Here, the CCA noted that "[t]he Government's case rested nearly exclusively on SW's delayed and partial memories." *Clark*, 2015 CCA LEXIS, at *21, 287 2015 WL 4239924, at *7. Exercising its prerogative to weigh the evidence and judge the credibility of witnesses, the CCA relied on the lack of physical evidence and the testimony of the defense expert more than that of the Government's expert in describing the circumstances and validity of the alleged victim's delayed recollection of the events. *Id.* at *22–23, 2015 WL 4239924 at *8. The CCA explained that, before reaching its judgment, it had "reviewed the record of trial and evaluated the arguments by the appellant and the Government… and made allowances for not having heard or observed the witnesses." *Id.* at *18–19, 2015 WL 4239924 at *7. Special findings are part of the record of trial. *See* Rule for Courts-Martial 918(b).

Given the nature of the military judge's special findings, the presumption of regularity that applies to the acts of the appellate military judges, and the CCA's statement that it applied the statutory prerogatives, we conclude that the CCA acted within its statutory prerogatives under Article 66(c). These factual matters are, therefore, beyond our statutory jurisdiction. We answer the first certified issue in the negative.

In the second issue, the Government urges us to impose a uniform standard—*viz.*, "clearly erroneous"—on the CCAs' treatment of military judges' special findings. The Government asserts that both the Army and Air Force CCAs have adopted the "clearly erroneous" standard, which conforms to the general practice in the Article III courts of appeals. These arguments need not detain us long. Keeping in mind the very narrow nature of our authority in this area, we decline to impose any particular rule on the factual powers of the CCAs. Although Article 51(d) may have been based on the federal rule, the practice in the Article III courts of appeals are not dispositive in light of the nature of the authority of the CCAs under Article 66. We therefore decline to answer the second certified issue.

## III. Judgment

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.