# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

## UNITED STATES
Appellee

**v.**

## Chase M. THOMPSON, Airman First Class
United States Air Force, Appellant

**No. 22-0098**
Crim. App. No. 40019

Argued October 13, 2022—Decided November 21, 2022

Military Judge: Willie J. Babor

For Appellant: *Captain Alexandra K. Fleszar* (argued); *Major Ryan S. Crnkovich* (on brief); *Mark C. Bruegger*, Esq.

For Appellee: *Major Allison Gish* (argued); *Colonel Naomi P. Dennis, Lieutenant Colonel Matthew J. Neil, Major Allison R. Barbo, Major Cortland Bobczynski*, and *Mary Ellen Payne*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge HARDY, and Senior Judge ERDMANN joined.

————————

Judge MAGGS delivered the opinion of the Court.[1]

Appellant argues that the United States Air Force Court of Criminal Appeals (AFCCA) erred in affirming a judgment that he sexually assaulted a fifteen-year-old girl in violation of Article 120b(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b(b) (2018). Appellant asserts the AFCCA erred in conducting its factual sufficiency review under Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (2018), by requiring him to prove his mistake of fact defense with "direct evidence." We agree that certain language in the AFCCA's opinion supports Appellant's argument. We therefore set aside the AFCCA's decision and remand the case for a new factual sufficiency review.

## I. Background

Appellant first made contact with VP through an online dating service in March 2019. Her dating profile portrayed her as a nineteen-year-old college student. In reality, VP was a fifteen-year-old girl living with her mother and stepfather on Aviano Air Base. Over the next month, Appellant and VP exchanged hundreds of electronic messages. In addition, Appellant and VP met in person and engaged in sexual activity on four occasions. Later, when Air Force investigators interviewed Appellant, he lied about his actions.

A military judge sitting as a general court-martial found Appellant guilty, contrary to his pleas, of one specification of making a false official statement, one specification of sexual assault of a child who had attained the age of twelve but who had not attained the age of sixteen years, and one specification of producing child pornography, in violation of Articles 107(a), 120b(b), and 134, UCMJ, 10 U.S.C. §§ 907(a), 920b(b), 934 (2018). The military judge sentenced

---

[1] The Court heard oral argument in this case at the University of San Diego School of Law, San Diego, California, as part of the Court's "Project Outreach." *See United States v. Mahoney*, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003). Project Outreach is a public awareness program demonstrating the operation of a federal court of appeals and the military justice system.

Appellant to a dishonorable discharge, confinement for twelve months, and reduction to the grade of E-1. The convening authority took no action on the findings and approved the sentence.

On appeal to the AFCCA, Appellant challenged the factual sufficiency of the evidence for finding that he is guilty of sexually assaulting VP. *United States v. Thompson*, No. ACM 40019, 2021 CCA LEXIS 641, at *2, 2021 WL 5570291, at *1 (A.F. Ct. Crim. App. Nov. 29, 2021) (unpublished). Appellant contended that he had proved by a preponderance of the evidence that he had a good faith and reasonable belief that VP had attained the age of sixteen. *See id.* at *15, 2021 WL 5570291, at *6. He therefore asserted that he had a defense under Article 120b(d)(2), UCMJ, and Rule for Courts-Martial (R.C.M.) 916(j)(2). *See Thompson*, 2021 CCA LEXIS 641, at *14-16, 2021 WL 5570291, at *6.

In assessing this assignment of error, the AFCCA described the applicable legal rules at some length. *Id.* at *14-16, 2021 WL 5570291, at *6-7. The court quoted the test for factual sufficiency announced in *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987); described the elements of the offense of sexual assault of a child under Article 120b(b), UCMJ; quoted what Appellant had to show under Article 120b(d)(2), UCMJ, to establish a mistake of fact defense; and cited R.C.M. 916(j)(2) which addresses the mistake of fact defense in the context of child sexual offenses. *Thompson*, 2021 CCA LEXIS 641, at *14-16, 2021 WL 5570291, at *6-7. The AFCCA also explained: "An accused is not required to testify in order to establish a mistake of fact defense. . . . The evidence to support a mistake of fact instruction can come from evidence presented by the defense, the prosecution, or the court-martial." *Id.* at *16, 2021 WL 5570291, at *6 (citing *United States v. Jones*, 49 M.J. 85, 91 (C.A.A.F. 1998)).

The AFCCA then summarized the evidence that "Appellant *could have had* a reasonable belief VP was at least 16" as follows:

> The record shows that VP consistently held herself out to be at least 16 years old to individuals she was meeting on various social media platforms and cell phone dating applications. While there is no discussion of VP's actual age in the [electronic] messages Appellant and VP exchanged between 28 March 2019 and 30 May 2019, there are numerous examples in the record which would support the reasonableness of a belief that VP was over the age of 16: the references on VP's Bumble account to being 18 years old and being an "undergrad;" VP stating she was drinking alcohol while messaging Appellant; VP talking about relationships with other, older men; VP's mention of consuming "edibles" (presumably drugs); VP purportedly taking a college class; and VP leaving Italy to go to London and Germany for weeks at a time when someone under 18 years old would presumably have been in school.

*Id.* at *22-23, 2021 WL 5570291, at *8.

Despite this evidence, the AFCCA concluded that Appellant had not proved his mistake of fact defense, explaining:

> Under all of the circumstances, although there was plenty of evidence for one to conclude that Appellant *could have had* a reasonable belief VP was at least 16, there was no direct evidence that this belief existed in Appellant's mind. Even Appellant acknowledges this on appeal, noting that "there is no direct evidence that shows [he] ever knew her real age during the time period between 30 March 2019 and 30 May 2019. Rather, there is only evidence about [his] conduct." We agree with this assessment, and as such, the Defense failed to meet its burden to demonstrate by a preponderance of the evidence that a mistake of fact actually existed in Appellant's mind every time he had sex with VP.

*Id.* at *23-24, 2021 WL 5570291, at *8 (alterations in original).

The AFCCA concluded by affirming the finding that Appellant was guilty of the offense of sexually assaulting a

4

child in violation of Article 120b(b), UCMJ. *Id.* at *24, 2021 WL 5570291, at *8. The AFCCA stated: "[I]n assessing factual sufficiency, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a reasonable doubt." *Id.,* 2021 WL 5570291, at *8. In portions of the opinion not at issue here, the AFCCA set aside the finding that Appellant was guilty of producing child pornography and affirmed the finding that he was guilty of making a false statement. *Id.* at *2 & n.2, *27, 2021 WL 5570291, at *1 & n.2, *10. The AFCCA reassessed the sentence and affirmed it as adjudged. *Id.* at *27, 2021 WL 5570291, at *10.

We granted Appellant's petition for review of the following question: "Did the Court of Criminal Appeals err by requiring that Appellant introduce direct evidence of his subjective belief to meet his burden for a reasonable mistake of fact defense?"

## II. Standard of Review and Governing Law

Review of the factual sufficiency of the evidence is a special power and duty that Article 66(d)(1), UCMJ, confers only on the Courts of Criminal Appeals (CCA). *United States v. Nerad*, 69 M.J. 138, 141 n.1 (C.A.A.F. 2010) (explaining that the CCA's duty under Article 66, UCMJ, to affirm only findings that are " 'correct in law and fact' " requires review of both the legal and factual sufficiency of the evidence). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the [CCA] are themselves convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. Although this Court does not review evidence for factual sufficiency, we "retain the authority to review factual sufficiency determinations of the CCAs for the application of 'correct legal principles,' but only as to matters of law." *United States v. Clark*, 75 M.J. 298, 300 (C.A.A.F. 2016) (quoting *United States v. Leak*, 61 M.J. 234, 241 (C.A.A.F. 2005)).

In determining whether a CCA has applied correct legal principles, this Court starts with the rule that the "CCAs are presumed to know the law and follow it." *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016). Accordingly, the CCAs need not address each issue raised by an appellant and are not required to state their reasoning for their decisions. *United States v. Reed*, 54 M.J. 37, 42 (C.A.A.F. 2000). But when the record reveals that a CCA misunderstood the law, this Court remands for another factual sufficiency review under correct legal principles. *United States v. Thompson*, 2 C.M.A. 460, 464, 9 C.M.R. 90, 94 (1953). This Court also has remanded when it is "an open question" whether a CCA's review under Article 66(d)(1), UCMJ, was "consistent with a correct view of the law." *Nerad*, 69 M.J. at 147 (internal quotation marks omitted).

The version of Article 120b(b), UCMJ, applicable to this case provides that "[a]ny person subject to this chapter who commits a sexual act upon a child who has attained the age of 12 years is guilty of sexual assault of a child and shall be punished as a court-martial may direct."[2] Article 120b(h)(4), UCMJ, defines a "child" as a "person who has not attained the age of 16 years." Article 120b(d)(2), UCMJ, provides:

> In a prosecution under this section, it need not be proven that the accused knew that the other person engaging in the sexual act . . . had not attained the age of 16 years, but it is a defense in a prosecution under subsection (b) (sexual assault of a child) . . . which the accused must prove by a preponderance of the evidence, that the accused

---

[2] The specification at issue alleged conduct occurring between March and May 2019. The version of Article 120b, UCMJ, found in 10 U.S.C. § 920b (2018), applies to conduct occurring after January 1, 2019. *See* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5542(a), 130 Stat. 2000, 2967 (2016) (making the 2016 amendment effective on the date designated by the President); 2018 Amendments to the Manual for Courts-Martial, United States, Exec. Order No. 13,825, § 3, 83 Fed. Reg. 9889, 9889 (Mar. 1, 2018) (setting the effective date as Jan. 1, 2019).

reasonably believed that the child had attained
the age of 16 years, if the child had in fact attained
at least the age of 12 years.

Consistent with this statutory provision, the applicable
version of R.C.M. 916(j)(2) places the burden on the
accused to "prove this defense by a preponderance of the
evidence."[3]

Neither Article 120b(d)(2), UCMJ, nor R.C.M. 916(j)(2)
place any limitations on the source or the kind of evidence
that may establish a mistake of fact defense. As the AFCCA
correctly observed, this Court held in *Jones,* 49 M.J. at 91,
that an accused need not testify to establish a mistake of
fact defense and the evidence supporting the defense can
come from evidence presented by the defense, the prosecu-
tion, or the court-martial. No precedent of this Court has
ever required proof by "direct" evidence nor restricted the
proof to "direct" evidence. Either such holding would con-
tradict R.C.M. 918(c), which provides that "[f]indings may
be based on direct or circumstantial evidence."[4]

---

[3] The version of R.C.M. 916 that appears in *Manual for
Courts-Martial, United States* (2019 ed.) reflects amendments
that were made on March 1, 2018, that became effective on
January 1, 2019. *See* Exec. Order No. 13,825, § 5, 83 Fed. Reg.
at 9890.

[4] The Discussion to R.C.M. 918(c) explains:

"Direct evidence" is evidence which tends di-
rectly to prove or disprove a fact in issue (for ex-
ample, an element of the offenses charged). "Cir-
cumstantial evidence" is evidence which tends
directly to prove not a fact in issue but some other
fact or circumstance from which, either alone or
together with other facts or circumstances, one
may reasonably infer the existence or non-exist-
ence of a fact in issue.

### III. Discussion

Appellant contends that the AFCCA Court "erred by insisting that if [he] wanted to defend against [the sexual assault] charge, he needed to rely upon *direct* evidence to establish that in his own mind, he subjectively believed VP was at least 16 years old." In supporting this contention, Appellant focuses on the AFCCA's statements, quoted above, that " 'there was no direct evidence' " that Appellant believed in his mind that VP was sixteen.

We would not question the AFCCA's understanding of the applicable legal rules if the AFCCA had *merely expressed an observation* about whether the record contained direct evidence to support Appellant's mistake of fact defense. The CCAs often summarize the content and nature of relevant evidence when conducting a factual sufficiency review. *See, e.g.*, *United States v. Mitchell*, No. ARMY 9601800, 1998 CCA LEXIS 595, at *4-5, 1998 WL 35319989, at *2 (A. Ct. Crim. App. Dec. 28, 1998) (observing that there was "no direct evidence, and only speculative circumstantial evidence" to support a finding of guilt). Such summaries are helpful to anyone reading CCA opinions. But in this case, the AFCCA appears to have gone beyond merely noting a lack of direct evidence. Instead, the AFCCA twice stated that there was no direct evidence to support the mistake of fact defense *and then said* "and as such, the Defense failed to meet its burden." *Thompson*, 2021 CCA LEXIS 641, at *23-24, 2021 WL 5570291, at *8. The AFCCA's use of the phrase "and as such" leaves the impression that the AFCCA rested its decision on an erroneous view that the mistake of fact defense required direct evidence.

The Government acknowledges that the quoted statements "incorrectly implied Appellant needed to prove his state of mind as to VP's age with 'direct evidence.' " But the Government nevertheless contends that "a contextual reading of AFCCA's opinion suggests that, despite its misstatement about direct evidence, [the] AFCCA understood circumstantial evidence could be used to infer Appellant's state of mind as to VP's age." We agree with the general

point that a reviewing court must read specific statements in a judicial opinion in context to determine whether the statements are correct. *See, e.g.*, *United States v. Antonelli*, 35 M.J. 122, 128 (C.M.A. 1992) (determining that context clarified an otherwise problematic statement in a judicial opinion). We also agree that the AFCCA correctly stated numerous applicable legal principles. But the Government has not identified anything in the AFCCA's opinion that negates the impression left by the specific statements about direct evidence quoted above.

The Government also contends that we do not need to remand the case because no evidence presented at trial shows that Appellant actually believed VP was at least sixteen. Appellant disagrees, citing various text messages that Appellant contends provide such evidence. In our view, these competing arguments concern the persuasiveness of the evidence, which is not a matter for us to determine. Instead, the AFCCA should consider these contentions when conducting a new factual sufficiency review under Article 66(d)(1), UCMJ, consistent with this opinion. *See Clark*, 75 M.J. at 300.

In sum, even though the CCAs are presumed to know the law absent contrary indications, the AFCCA's language creates at least "an open question" about whether the court applied the correct rule. *Nerad*, 69 M.J. at 147. Accordingly, we set aside the AFCCA's decision and remand for a new Article 66(d)(1), UCMJ, review consistent with this opinion. In so doing, we express no view on whether, when reviewed under correct legal principles, the evidence is or is not factually sufficient. That determination is solely for the AFCCA to make.

### IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the United States Air Force Court of Criminal Appeals for a new review under Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (2018).