*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

—————————

## UNITED STATES
Appellee

**v.**

## Rodney D. HARVEY, Hospital Corpsman First Class
United States Navy, Appellant

### No. 23-0239
Crim. App. No. 202200040

Argued April 17, 2024—Decided September 6, 2024

Military Judges: Ann K. Minami (arraignment)
and Matthew R. Brower (trial)

For Appellant: *Lieutenant Christopher B. Dempsey*,
JAGC, USN (argued).

For Appellee: *Lieutenant Commander James P. Wu
Zhu*, JAGC, USN (argued); *Colonel Joseph M. Jennings*, USMC, *Lieutenant Colonel James A. Burkart*,
USMC, and *Brian K. Keller*, Esq. (on brief).

Amicus Curiae in Support of Neither Party: *James
A. Young*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court,
in which Chief Judge OHLSON, Judge SPARKS,
Judge HARDY, and Judge JOHNSON joined.

—————————

Judge MAGGS delivered the opinion of the Court.

A general court-martial with officer and enlisted members found Appellant guilty, contrary to his plea, of one specification of indecent exposure in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c (2018). The United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) affirmed, holding inter alia that the evidence was factually sufficient. *United States v. Harvey*, 83 M.J. 685, 693-94 (N-M. Ct. Crim. App. 2023). In so doing, the NMCCA applied the recently amended standards for factual sufficiency review in Article 66(d)(1)(B), UCMJ, 10 U.S.C. § 866(d)(1)(B) (Supp. III 2019-2022).[1] *Id.* at 693. We granted review to decide whether the NMCCA correctly applied these new standards. *United States v. Harvey*, 84 M.J. 262 (C.A.A.F. 2024) (order granting review). For reasons that we explain below, we set aside the NMCCA's decision and remand the case for a new factual sufficiency review in accordance with this opinion.

## I. Background

The specification at issue in this case alleged that Appellant, "[o]n active duty, did, at or near Bremerton, Washington, on or about 28 April 2021, intentionally expose his genitalia in an indecent manner, to wit: exposing his penis to C.E. in a public parking lot." At trial, the principal evidence against Appellant came from C.E. She testified that after interacting with Appellant in a gym that they both frequented, she went to her car in the gym's parking lot, and that while she was inside the car, Appellant exposed himself by putting his erect penis on one of the car's windowsills. A security camera showed that Appellant and C.E. were in the parking lot around the time of the alleged incident. No relevant DNA evidence was found on C.E.'s car. The court-martial found Appellant guilty of indecent exposure and not guilty of two other charges.

---

[1] Congress amended Article 66(d), UCMJ, in the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 542, 134 Stat. 3388, 3611.

On appeal, the NMCCA held that the evidence was factually sufficient to support the finding of guilty under the new standards set out in Article 66(d)(1)(B), UCMJ. *Harvey,* 83 M.J. at 693. Appellant seeks review in this Court, arguing that the NMCCA misconstrued and therefore misapplied the amended Article 66(d)(1)(B), UCMJ. Appellant then asks this Court to reverse the NMCCA's decision and to return the case for further analysis under a correct understanding of the amended statute.

## II. Standards of Review

This Court may review whether a Court of Criminal Appeals (CCA) applied "correct legal principles" to a factual sufficiency review. *United States v. Thompson*, 83 M.J. 1, 4 (C.A.A.F. 2022) (quoting *United States v. Clark*, 75 M.J. 298, 300 (C.A.A.F. 2016)). This Court reviews de novo a CCA's interpretation of a statute. *United States v. Kohlbek*, 78 M.J. 326, 330-31 (C.A.A.F. 2019). And "when the record reveals that a CCA misunderstood the law, this Court remands for another factual sufficiency review under correct legal principles." *Thompson*, 83 M.J. at 4.

## III. Analysis

Prior to its recent amendment, Article 66(d)(1), UCMJ, authorized the CCAs to conduct factual sufficiency review by providing:

> In any case before the Court of Criminal Appeals under subsection (b), the Court may act only with respect to the findings and sentence as entered into the record under section 860c of this title (article 60c). The Court may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, the Court may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

10 U.S.C. § 866(d)(1) (2018). Authority to conduct factual sufficiency review now appears in amended Article 66(d)(1)(B), UCMJ, which provides:

> (B) Factual Sufficiency Review.—(i) In an appeal of a finding of guilty under subsection (b), the Court may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.
>
> (ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—
>
>> (I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and
>>
>> (II) appropriate deference to findings of fact entered into the record by the military judge.
>
> (iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

10 U.S.C. § 866(d)(1)(B) (Supp. III 2019-2022). The NMCCA's opinion and the briefs filed in this case address the meaning of several key parts of this new provision.

**A. The Trigger for Review in Article 66(d)(1)(B)(i), UCMJ**

This Court held in numerous cases that the *former* Article 66(d)(1), UCMJ, required CCAs to conduct a de novo review of the factual sufficiency of the evidence in every case. *See, e.g.*, *Thompson*, 83 M.J. at 4; *United States v. Pease*, 75 M.J. 180, 184 (C.A.A.F. 2016); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). In this case, however, the NMCCA concluded that the words "upon request of the accused if the accused makes a specific showing of a deficiency in proof" in amended Article 66(d)(1)(B)(i), UCMJ, have eliminated a CCA's "duty, and power, to review a conviction for factual sufficiency *absent* an appellant (1) asserting an assignment of error, and (2) showing a specific deficiency in proof." *Harvey*, 83 M.J. at

691. We agree with the NMCCA's conclusion on this point. If the two express trigger conditions (i.e., an assertion of an error and a showing of a deficiency) are not met, then nothing in amended Article 66, UCMJ, either requires or allows a CCA to review the factual sufficiency of the evidence. Accordingly, our decisions in *Thompson*, *Pease*, *Washington*, and other cases holding that a factual sufficiency review is always required have been superseded by this amended statute.

The briefs filed in this case have also addressed two related questions about the trigger for review in Article 66(d)(1)(B)(i), UCMJ. The first issue, discussed at length by the parties and amicus curiae, is whether a CCA has discretion not to conduct a factual sufficiency review even if the trigger conditions are met. However, because the NMCCA actually conducted a factual sufficiency review of the evidence in this case, we need not decide this issue in this appeal. The second issue concerns the meaning of the phrase "specific showing of a deficiency in proof" in Article 66(d)(1)(B)(i), UCMJ. The NMCCA and the parties have advanced notably different views on this question. Again, however, we need not address this issue here because the NMCCA and both parties agree that Appellant met his burden to make a specific showing of a deficiency in proof in this case.

**B. Standard of Review Under
Article 66(d)(1)(B)(ii), UCMJ**

The former Article 66(d)(1), UCMJ, required a CCA, in conducting a factual sufficiency review, to "weigh the evidence . . . recognizing that the trial court saw and heard the witnesses." 10 U.S.C. § 866(d)(1) (2018). In *Washington*, the Court clarified that "[s]uch a review involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." 57 M.J. at 399.

Amended Article 66(d)(1)(B)(ii), UCMJ, now directs a CCA to "weigh the evidence and determine controverted questions of fact." This power is subject, in part, to Article 66(d)(1)(B)(ii)(I), UCMJ, which requires "appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence." The amended language differs from the prior version in at least two significant respects. First, the amended article replaces the word "recognizing" with the words "subject to . . . appropriate deference to the fact." Second, the amended article refers to "witnesses and other evidence" while the prior version referred only to "witnesses."

The NMCCA and the parties disagree about the impact of these statutory changes. The NMCCA concluded that these changes impose a "higher standard" than the former version's de novo requirement, but this change in review "does *not* mean that this Court can no longer make any credibility determinations of witnesses." 83 M.J. at 692. In contrast, the Government asserts that the amendment eliminated de novo review and created a new standard in which a CCA can no longer judge the credibility of witnesses but instead must defer to the trial factfinder with respect to all evidence. Appellant contends that the standard of "review remains *de novo* with a requirement for 'appropriate deference' to the factfinder's evidentiary findings."

Having considered all these views, we construe the requirement of "appropriate deference" when a CCA "weigh[s] the evidence and determine[s] controverted questions of fact" to imply that the degree of deference will depend on the nature of the evidence at issue. We reach this conclusion because Article 66(d)(1)(B)(ii)(I), UCMJ, now addresses not just the testimony of witnesses but also all other evidence. For example, a CCA might determine that the appropriate deference required for a court-martial's assessment of the testimony of a fact witness, whose credibility was at issue, is high because the CCA judges could not see the witness testify. In contrast, when the CCA can assess documents, videos, and other objective evidence just

as well as the court-martial, the CCA might determine that the appropriate deference required is low. The statute affords the CCA discretion to determine what level of deference is appropriate, and we will review a CCA's decision only for an abuse of discretion.[2]

### C. Action Under Article 66(d)(1)(B)(iii), UCMJ

Amended Article 66(d)(1)(B)(iii), UCMJ, states the next step for the CCA: "If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding." We refer to the first half of this provision (i.e., "[i]f, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence") as the "predicate clause" because it states the condition under which a CCA may take an action with respect to the findings. We refer to the second half of this provision (i.e., "the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding") as the "action-authorizing clause" because it lists the actions that a CCA may take if the predicate is satisfied.

The predicate clause uses the phrase "against the weight of the evidence." Appellant notes that *Black's Law Dictionary* defines this phrase to mean "not sufficiently supported by the evidence in the record." *Against the Weight of the Evidence, Black's Law Dictionary* (11th ed. 2019). Thus, Appellant asserts that a CCA is authorized to act (i.e., dismiss, set aside, modify, or affirm a lesser finding) if "the finding of guilty was 'not sufficiently supported by the evidence' presented at trial (i.e., not supported beyond a reasonable doubt)." The Government, in contrast, asserts that "weight of the evidence" refers to a quantum

---

[2] We note that Article 66(d)(1)(B)(ii)(II), UCMJ, also requires that the CCAs give "appropriate deference to findings of fact entered into the record by the military judge." Appellant asserts that this provision is not at issue in this case and does not rely on it. Accordingly, we express no opinion on its meaning.

of proof. In its view, "weight of the evidence" is to be "equated with a preponderance of the evidence—a far lower burden of proof than is required for conviction beyond a reasonable doubt." Accordingly, the Government's view is that a CCA can act with respect to the finding (i.e., dismiss, set aside, modify, or affirm a lesser finding) only if the CCA concludes that the finding of guilty is not supported by a preponderance of the evidence.

We generally agree with the position of Appellant. We do not read the phrase "weight of the evidence" as an alteration of the necessary quantum of proof to sustain a finding of guilty because the amended statute does not explicitly alter the quantum of proof required. In our view, the quantum of proof necessary to sustain a finding of guilty during a factual sufficiency review is "proof beyond a reasonable doubt," the same as the quantum of proof necessary to find an accused guilty at trial. We reach this conclusion by reading the predicate clause in subsection (B)(iii) in the light of our interpretation of subsection (B)(ii). Our reasoning is as follows: Factual sufficiency review occurs only after a court-martial has already weighed the evidence at trial and found that the appellant was guilty beyond a reasonable doubt. Subsection (B)(ii) directs the CCA to conduct a new weighing of the evidence, giving appropriate deference to the court-martial. Because the CCA does not have to give complete deference to the court-martial, as discussed above, the CCA, during a factual sufficiency review in a particular case, might weigh the evidence differently from how the court-martial weighed the evidence. Accordingly, when the predicate clause in subsection (B)(iii) refers to the "weight of the evidence," we understand it to mean the *weight of the evidence as the CCA has just weighed it under subsection (B)(ii)*. The phrase, so read, says nothing about, and therefore does not alter, the quantum of proof necessary to sustain a finding of guilty.

We now turn to the meaning of the words "clearly convinced" in the predicate clause. Appellant argues that this phrase, like "weight of the evidence," does not change the necessary quantum of proof. For example, the words do not

substitute a "clear and convincing evidence" standard for the proof beyond a reasonable doubt standard. Instead, Appellant asserts that the phrase refers to a "state of confidence." The Government does not provide a clear alternative argument. We agree with Appellant. Accordingly, for a CCA to be "clearly convinced that the finding of guilty was against the weight of the evidence," two requirements must be met. First, the CCA must decide that the evidence, *as the CCA has weighed it*, does not prove that the appellant is guilty beyond a reasonable doubt. Second, the CCA must be clearly convinced of the correctness of this decision.

In reaching this conclusion, we have departed from the NMCCA's understanding of Article 66(d)(1)(B)(iii), UCMJ. The NMCCA determined that this provision creates "a rebuttable presumption that in reviewing a conviction, a court of criminal appeals presumes that an appellant is, in fact, guilty." 83 M.J. at 693. This view is not consistent with our interpretation above.

Finally, if the predicate clause of subsection (B)(iii) is satisfied, then the action-authorizing clause states that the CCA "may dismiss, set aside, or modify the finding, or affirm a lesser finding." The parties here do not dispute the meaning of these terms and, therefore, we express no opinion about them.

### IV. Prejudice

The Government argues that minor interpretive differences are not enough to cause prejudice to Appellant and that we therefore should still affirm the NMCCA. However, we decide that it is proper to remand the case to the NMCCA so that it may apply the amended statute as we have interpreted it. In so doing, we express no opinion on whether the NMCCA should or should not find the evidence in this case to be factually sufficient. Thus, we do not reach the question of prejudice.

### V. Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside. The record of trial

is returned to the Judge Advocate General of the Navy for remand to the Navy-Marine Corps Court of Criminal Appeals for a new factual sufficiency review, consistent with this opinion, under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (Supp. III 2019-2022).